IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| BRUCE HARPER,<br><br>        Plaintiff,<br><br>vs.<br><br>KEVIN ROSE, individually and in his capacity as a Davis County Sheriff Deputy; MARK NELSON, individually and his capacity as a North Salt Lake City Police Officer; JON PURCELL, individually and in his capacity as a Bountiful City Police Department [Officer]; DAVIS COUNTY, a subdivision of the State of Utah; NORTH SALT LAKE CITY, a municipality incorporated under the laws of the State of Utah; BOUNTIFUL CITY, a municipality incorporated under the laws of the State of Utah; and WEST BOUNTIFUL CITY, a municipality incorporated under the laws of the State of Utah,<br><br>        Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:09-CV-153-TC |

        Plaintiff Bruce Harper filed this civil rights case under 42 U.S.C. § 1983 in response to events occurring during his arrest on May 2, 2009. He asserts five causes of action against various police officers and their employers, alleging (1) excessive force in violation of the Fourth Amendment, (2) assault and battery in violation of the Fourth Amendment, (3) a violation of his due process rights, (4) that the governmental entities are liable for failure to train and supervise their employees, and (5) that the governmental entities are liable for the actions of their officers

through the doctrine of respondeat superior.

This matter comes before the court on two motions to dismiss portions of Mr. Harper's Complaint. First, Defendants Davis County and Kevin Rose (a Davis County Sheriff Deputy) contend that employers may not be liable under § 1983 through the theory of respondeat superior. (See Docket No. 9.) Second, Deputy Rose contends that the causes of action against him in his official capacity (Mr. Harper's First, Second, and Third cause of action) are improper, because an official capacity claim lies against the entity, not the employee. (Id.) Defendants Bountiful City and Bountiful Police Officer Jon Purcell join in the Davis County Defendants' motion to dismiss. (See Docket No. 11.)

The court has determined that oral argument will not materially assist in deciding the issues presented in the two motions to dismiss. Accordingly, the court decides the motions on the briefs.

**Fifth Cause of Action under Respondeat Superior Theory Fails as a Matter of Law**

The moving Defendants are correct that the doctrine of respondeat superior does not apply to cases involving deprivation of civil rights under color of State law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). And Mr. Harper, in his reply to the motions to dismiss, concedes the point. Accordingly, the court hereby dismisses Mr. Harper's Fifth Cause of Action against all defendants.

**Claims Against Individual Officers in their Official Capacity**

"Official Capacity" claims are, in effect, suits against the governmental entity, not the individual officer. E.g., McMillan v. Monroe County, Ala., 520 U.S. 781, 785 n.2 (1997). The entity is the real party in interest. E.g., Kentucky v. Graham, 473 U.S. 159, 165 (1985).

Accordingly, all official capacity claims against the police officers and sheriff's deputies are dismissed. The officers remain in the case only in their individual capacities.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. Mr. Harper's Fifth Cause of Action for Respondeat Superior is DISMISSED WITH PREJUDICE.

2. All official capacity claims against the individual defendants are dismissed, and the respective employers and government entities are substituted for the officers in their official capacities. But the individual officers shall remain in the case in their individual capacities.

DATED this 17th day of August, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge