IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| BRUCE HARPER,<br><br>            Plaintiff,<br><br>vs.<br><br>KEVIN ROSE, et al.,<br><br>            Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:09-CV-153-TC |

      In November 2009, Plaintiff Bruce Harper filed this excessive force case under 42 U.S.C. § 1983 against multiple defendants. Approximately two and one-half years later, on March 14, 2012, Mr. Harper filed a motion for leave to file his first amended complaint under Federal Rule of Civil Procedure 15(a)(2).[1] He seeks to add a claim against Defendant Kevin Rose for failure to intervene and stop the alleged excessive force used against Mr. Harper during a May 2009 traffic stop. Deputy Rose opposes the motion on the grounds that he would be prejudiced by allowing Mr. Harper's proposed amendment, that Mr. Harper unduly delayed seeking to amend his complaint, and that allowing Mr. Harper to add the proposed claim for failure to intervene would be futile.[2]

---

[1] See ECF No. 97.

[2] He also contends that the court should deny the motion because Mr. Harper "failed to address the proper standard under Rule 16" of the Federal Rules of Civil Procedure. (Mem. Opp'n (ECF No. 100) at 14.) Although Mr. Harper titled his motion as one for leave to amend under Rule 16, he correctly cited the applicable rule (15(a)(2)) in the body of his motion. Accordingly, the court does not base its decision on any purported procedural error.

At this late stage in the litigation, Mr. Harper must obtain leave of the court to amend his complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But if there has been undue delay in filing the proposed amendment, the court need not give the movant an opportunity to test the proposed claim on the merits. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Indeed, in the Tenth Circuit, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citations omitted).

In his original Complaint, Mr. Harper alleged an excessive force claim against all of the Defendant Officers, grouping their actions together into a claim that they "repeatedly used their Tasers on Mr. Harper." (See Compl. (ECF No. 1) ¶¶ 33-35.) The first time the record reflects a claim by Mr. Harper that Deputy Rose failed to intervene is when Mr. Harper filed his memorandum opposing Deputy Rose's motion for summary judgment. As the Defendants pointed out, Mr. Harper did not allege any such claim in the complaint. Mr. Harper acknowledges this by filing his motion to add the new claim. Although Mr. Harper says that he wishes to file a claim "under the umbrella of his excessive force cause of action," the fact remains that the new claim is separate and distinct from the excessive force claim. See, e.g., Casey v. City of Federal Heights, 509 F.3d 1278, 1283 (10th Cir. 2007) (citing to Mick v. Brewer, 76 F.3d 1127, 1136 (10th Cir. 1996), for proposition that "a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983").

Here, the case is almost two-and-a-half years old.  During that time, the parties conducted extensive discovery (fact discovery ended eleven months ago and expert discovery ended six months ago).  The deadline for filing dispositive motions has passed.  At the time Mr. Harper filed his motion to amend, the court had taken Deputy Rose's November 2011 Motion for Summary Judgment under advisement following a March 2012 hearing (since then, the court has issued an order denying summary judgment to Deputy Rose[3]).

Despite the case's procedural history, Mr. Harper contends that he files his motion to amend based on defense counsel's argument during the March 2012 summary judgment hearing that Deputy Rose did not give the order to tase Mr. Harper.  Even if such an argument was made, the record supports a finding that Deputy Rose did give the order, as the court noted in its April 2012 Order and Memorandum Decision denying Deputy Rose's motion for summary judgment.[4]  More importantly, this dispute is irrelevant here.  Regardless of whether Deputy Rose gave the order to tase, Mr. Harper had enough information early in the case (in particular, the videotapes depicting the traffic stop and the repeated tasing of Mr. Harper), to conclude, for purposes of pleading under Federal Rule of Civil Procedure 8, that Deputy Rose had a duty to intervene at some point during the incident (the court makes no finding one way or the other).  Mr. Harper's purported reason for failing to plead the claim before now is not "an adequate explanation for the delay."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Mr. Harper has not presented any satisfactory reason explaining why he waited until now

---

[3] See April 5, 2012 Order & Mem. Decision (ECF No. 103).

[4] Deputy Rose does not address this potential discrepancy in his opposition to the motion to amend.

to bring a claim for failure to intervene.  At this late stage in the litigation, in light of facts known to Mr. Harper months (if not years) ago and no adequate explanation for the delay, the court denies Mr. Harper's request for leave to amend the complaint.

## ORDER

For the foregoing reasons, Plaintiff Bruce Harper's Motion for Leave to File First Amended Complaint (ECF No. 97) is DENIED.

DATED this 23rd day of April, 2012.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge